**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACKIE STEFANOWICZ, | |
| Plaintiff, | NO. 3:08-cv-02103 |
| v. | |
| | (JUDGE CAPUTO) |
| SUNTRUST MORTGAGE, INC.; LISA KHELFA; and MARIA KOENING, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is the Complaint of *pro se* Plaintiff Jackie Stefanowicz against Defendants Suntrust Mortgage, Inc., Lisa Khelfa, and Maria Koening.  (Doc. 1.) Plaintiff has also filed a Motion For Leave to Proceed *In Forma Pauperis* along with a supporting Affidavit from Plaintiff. (Doc. 2.)

Section 1915 of Title 28 of the United States Code provides a two-step process for reviewing *in forma pauperis* ("IFP") petitions.  The Third Circuit Court of Appeals has made it clear that district courts should first consider a litigant's financial status and determine whether he is eligible to proceed *in forma pauperis*, before assessing the complaint under section 1915 to determine whether it is frivolous.  *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

The decision whether to grant or deny IFP status rests within the sound discretion of the district courts.  *United States v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (citing decisions from other circuits).  Poverty sufficient to qualify for *in forma pauperis* status does not require penniless destitution.  *Ward v. Werner*, 61 F.R.D. 639, 640 (M.D. Pa. 1974)

(citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)).  However, leave to proceed *in forma pauperis* is discretionary with the court, and "there exists no fixed net worth which disqualifies a party as a pauper."  *Id.* (citations omitted).  "Yet, the mere assertion of poverty does not serve as a substitute for indigency."  *Id.*

In her IFP Affidavit, Plaintiff describes her financial situation as follows.  Ms. Stefanowicz is currently employed an receives one thousand, seven hundred thirty-two dollars ($1,732) in income each month. (Doc. 2 ¶ 1.) The Plaintiff also receives one thousand, one hundred thirteen dollars ($1,113) each month from a death benefit.  (Doc. 2 ¶ 2e.)  The Plaintiff has also received one rent payment of four hundred dollars ($400) in the past twelve (12) months.  (Doc. 2 ¶ 2c.)  Ms. Stefanowicz has also received a gift of equity on property valued at approximately nineteen thousand dollars ($19,000). (Doc. 2 ¶ 4.)  The Plaintiff's monthly mortgage payment is four hundred forty dollars ($440) per month.  She also pays three hundred sixty-seven dollars ($367) per month for health care coverage, one hundred ninety-two dollars ($192) in educational debt payments, two hundred thirty-nine dollars ($239) in car payments, and one hundred ninety dollars ($190) on debts that she assumed from her father.  (Doc. 2 ¶ 6.)

Assuming this to be a complete and accurate depiction of Plaintiff's financial situation, the Court finds that she does not qualify for IFP status.  According to the Court's calculation, the Plaintiff receives a monthly income of two thousand, eight hundred forty-five dollars ($2,845) from her wages and the receipt of death benefits.  Her monthly expenses appear to be one thousand, four hundred twenty-eight dollars ($1,428) each month, excluding variable and incidental expenses for food and utilities. Accordingly, from the figures provided in the Plaintiff's IFP petition, she receives in excess of one thousand, four hundred dollars

($1,400) for use on food, utilities and other discretionary expenses each month.  Therefore, the Court is unable to find that payment of the filing fee would present Plaintiff with an undue hardship or deprive her of life's necessities.  *See Adkins*, 335 U.S. at 339.  If the Plaintiff wishes to proceed with her case, she must tender a statutory filing fee in the amount of three hundred fifty dollars ($350) with the Clerk of this Court.

An appropriate order will follow.


 November 24, 2008                                                  /s/ A. Richard Caputo
Date                                                                        A. Richard Caputo
                                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JACKIE STEFANOWICZ,

     Plaintiff,

         v.

SUNTRUST MORTGAGE, INC.; LISA
KHELFA; and MARIA KOENING,

     Defendants.

NO. 3:08-cv-02103

(JUDGE CAPUTO)

## ORDER

     **NOW**, this 24th day of November, 2008, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's application to proceed in forma pauperis (Doc. 2) is **DENIED**.

(2)    This action may not proceed unless the Plaintiff, within thirty (30) days of the date of this Order tenders to the "Clerk, U.S. District Court" a statutory filing fee in the amount of $350.00.  Failure to comply with the terms of this Order within thirty (30) days will cause this case to be dismissed without prejudice.


                         /s/ A. Richard Caputo
                         A. Richard Caputo
                         United States District Judge